## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENISE MCDOUGALL,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **vs.** | : | |
| | : | **No.:   22-cv-** |
| **LIFE INSURANCE  COMPANY** | : | |
| **OF NORTH AMERICA.** | : | |
| | : | |
| **Defendant.** | : | |

The Plaintiff, DENISE MCDOUGALL ("MCDOUGALL"), by and through the undersigned counsel, hereby sues the Defendant, Life Insurance Company of North America ("CIGNA" OR "LINA") and alleges:

## PRELIMINARY ALLEGATIONS

1.    "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA.   Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.   This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant.   Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and post judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2.     MCDOUGALL was at all times relevant a plan participant under the Archdiocese of Philadadelphia's Long-Term Disability Group Policy Number LK-0030265 (the "Plan").

3.     Defendant, LINA, is a Corporation with its principal place of business in the Commonwealth of Pennsylvania.

4.     Upon information and belief, LINA is the insurer of benefits under the Plan and acted in the capacity of a claims administrator.  As the decision maker and payor of benefits, LINA both funded and administered the claim with a conflict of interest and the bias this created affected the claims determination.

5.     The Plan is an employee welfare benefit plan regulated by ERISA, established for employees of the Archdiocese of Philadelphia under which MCDOUGALL was a participant, and pursuant to which MCDOUGALL is entitled to long-term disability benefits.  Pursuant to the terms and conditions of the Plan, MCDOUGALL is entitled to disability benefits for the duration of the Plaintiff's disability, for so long as MCDOUGALL remains disabled as required under the terms and conditions of the Plan.

6.     Venue is proper in this district under 29 USC 1132 (e)(2), in that LINA is domiciled and licensed to transact business within the Commonwealth of Pennsylvania.  Moreover, MCDOUGALL resides in the City of Philadelphia.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

7.     MCDOUGALL incorporates by reference all preceding paragraphs as though fully set forth herein.

2

8.    At all times relevant, MCDOUGALL was an employee or former employee of the Archdiocese of Philadelphia and is a plan participant under the terms and conditions of the Plan.

9.    During the course of MCDOUGALL's employment, MCDOUGALL became entitled to benefits under the terms and conditions of the Plan. Specifically, while MCDOUGALL was covered under the Plan she suffered a physical disability as a result of Sickness, the nature of which, due to privacy, is detailed within the administrative record, rendering her disabled as defined under the terms of the Plan.

10.   As it relates to MCDOUGALL's current claim for benefits, the long-term disability coverage portion of the Plan defines disability as followed:

*"An Employee is Disabled if, because of Injury or Sickness,*

1.   *He or she is unable to perform all the material duties of his or her regular occupation, or solely due to Injury or Sickness, he or she is unable to earn more than 80% of his or her Indexed Covered Earnings; and*

2.   *After Disability Benefits have been payable for 36 months, he or she is unable to perform all the material duties of any occupation for which he or she may reasonably become qualified based on education, training or experience, or solely due to Injury or Sickness, he or she is unable to earn more than 80% of his or her Indexed Covered Earnings.*

11.   Due to restrictions and limitations arising from a physical "sickness", resulting in "disability" from her occupation as a High School Teacher, MCDOUGALL made a claim to LINA for benefits under the Archdiocese of Philadelphia's Plan with a disability onset date on or about December 9. 2017.   LINA thereafter accepted MCDOUGALL'S LTD claim.

12.   Via letter, LINA notified MCDOUGALL that it was terminating her long-term disability benefits as of January 8, 2021

13.   MCDOUGALL, acting *pro se,* timely submitted her mandatory appeal of LINA's adverse benefit determination on or about June 29, 2021.

14.   Via letter dated February 4, 2022, LINA affirmed its adverse determination and upheld its decision to deny MCDOUGALL's disability benefits beyond January 8, 2021.

15.   MCDOUGALL has fully complied with filing all mandatory administrative appeals required under the Plan.

16.   Defendant LINA breached the Plan and violated ERISA in the following respects:

   a.   Failing to pay long-term disability benefits to MCDOUGALL beyond January 8, 2021, at a time when LINA knew the Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan, as MCDOUGALL was disabled and unable to work and therefore entitled to benefits.

   b.   After MCDOUGALL's claim was denied in whole or in part, LINA failed to adequately describe to MCDOUGALL any additional material or information necessary for MCDOUGALL to perfect her claim along with an explanation of why such material is or was necessary.

   c.   LINA failed to properly and adequately investigate the merits of MCDOUGALL's disability claim and failed to provide a full and fair review of MCDOUGALL's claim.

4

17.     MCDOUGALL believes and alleges that LINA wrongfully terminated her claim for disability benefits under the Plan, by other acts or omissions of which MCDOUGALL is presently unaware, but which may be discovered in this future litigation and which MCDOUGALL will immediately make LINA aware of once said acts or omissions are discovered by MCDOUGALL.

18.     As a proximate result of the aforementioned wrongful conduct of LINA under the Plan, MCDOUGALL has damages for loss of disability benefits for the duration of her claim.

19.     As a further direct and proximate result of this improper determination regarding MCDOUGALL's claim for benefits, MCDOUGALL, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), MCDOUGALL is entitled to have such fees and costs paid by LINA.

20.     The wrongful conduct of LINA has created uncertainty where none should exist; therefore, MCDOUGALL is entitled to enforce her rights under the terms of the Plan.

## REQUEST FOR RELIEF

WHEREFORE, Denise MCDOUGALL prays for relief against LIFE INSURANCE COMPANY OF NORTH AMERICA as follows:

1.     Payment of long-term disability benefits due Plaintiff;

2.     An order declaring that Plaintiff is entitled to immediate reinstatement to the Plan, with all ancillary benefits to which she is entitled by virtue of her disability;

3.     In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or

submissions are to be considered;

4.      Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5.      Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6.      Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

ROSEN MOSS SNYDER LLP

Marc H. Snyder, Esquire
Attorneys for Plaintiff, Denise McDougall